[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11166
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00046-RWS-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARQUISE MURPHY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 17, 2018)

Before TJOFLAT, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Marquise Murphy appeals the substantive reasonableness of his sentence of 18 months' imprisonment, imposed within the applicable Guidelines range, following the revocation of his supervised release.  Murphy asserts the district court abused its discretion by inadequately weighing the 18 U.S.C. § 3553(a) factors and, consequently, imposing a sentence greater than necessary to comply with § 3553(a)'s purposes.  After review,[1] we affirm Murphy's sentence.

If a district court finds that a defendant violated a condition of his supervised release, the court may revoke the supervised release and impose a prison term.  18 U.S.C. § 3583(e).  In imposing imprisonment upon revocation of supervised release, the court must consider certain factors set forth in 18 U.S.C. § 3553(a).  *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).  These factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

First, neither the record nor Murphy's brief raises any procedural reasonableness issues with the district court's sentence.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (explaining when reviewing a sentence's

---

[1]    We review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

2

reasonableness, we first look at whether the district court committed any significant procedural error).  The district court adequately explained that it reached its sentencing decision based on Murphy's history and on the nature of Murphy's offenses.  *See United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (stating a district court's sentence is procedurally unreasonable if, among other things, the court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, or failed to adequately explain the sentence).

Second, Murphy's sentence is substantively reasonable. The court stated it considered the effect Murphy's homelessness had on his ability to comply with the terms and conditions of his supervised release, but it also noted that mitigating factor was outweighed by Murphy's repeated offenses and disregard for housing opportunities.  The record also shows the court considered the time Murphy served in a county detention center for his failure to register as a sex offender.  Indeed, the district court indicated that, but for Murphy's time served, it would have imposed a greater sentence.  Murphy failed to show the district court committed a clear error of judgment in its weighing of the § 3553(a) factors.  *See United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (*en banc*) (explaining we vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the

3

case").  Further, Murphy's sentence was within the applicable Guidelines range.

*See United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016) (stating we

ordinarily expect a sentence within the Guidelines range is reasonable).

The record demonstrates the district court considered the proper § 3553(a)

factors and weighed those factors in a way that did not result in a clear error of

judgment.  Accordingly, we affirm.

**AFFIRMED.**